IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA FAYE LINTON,

      Plaintiff,

      v.                                CASE NO.  23-3170-JWL

A. BRANDT, and
SALINE COUNTY JAIL,

      Defendants.

MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Patricia Faye Linton is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ").  The Court provisionally grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff alleges claims regarding the conditions at the SCJ, arguing that: inmates are bullied and treated like caged animals; neglect is worse for female inmates who feel degraded; there is a delay in providing female inmates with hygiene items; there is no privacy getting in and out the shower due to cameras; male officers fail to announce themselves and female inmates get yelled out for not being dressed; officers yell and cuss at inmates and complain about having to do their jobs.  (Doc. 1, at 2, 6.)

1

As Count I, Plaintiff claims harassment.  As her supporting facts, she claims inmates are called "a bitch" and told to "shut up" and a point is made to "make sure I am left alone with her after patting others down and making me feel uncomfortable."  *Id.* at 3.  As Count II, Plaintiff claims "inmate brutality."  As her supporting facts she claims that inmates are bruised "by hitting them with the cuffs, intentionally cuffing an inmate and tightening the cuffs so tight that the cuffs left indentions and bruising on the inmates' wrists."  *Id.*  She also claims that CO Brandt thought it was funny that an inmate had an allergic reaction to the intake lice shampoo and "forced him into the shower anyway," casing him to be sent to the hospital because of the allergic reaction.  *Id.* at 4.  As Count III, Plaintiff claims "inmate neglect," stating "refusal of inmate religion, AA, NA, medical treatment (drink more water)" and "don't do hourly checks, do not bring sanitary items on time or requested."  *Id.* at 5.

Plaintiff names as defendants: A. Brandt, Correctional Officer; and the SCJ.  As her request for relief, Plaintiff states "for emotional distress, defamation of character, I am not looking for relief of anything myself.  I am standing & fighting for everyone before me, during my stay & the ones that will come after me."  *Id.* at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Standing

Plaintiff makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in her Complaint indicates she lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).

"[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

Plaintiff should keep these principles in mind when drafting her amended complaint. Her claims will be considered only to the extent they allege a violation of *her* constitutional rights.

## 2. Improper Defendant

Plaintiff names the SCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the SCJ are subject to dismissal.

### 3. Conditions Posing Risk/Humane Conditions

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the

Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

In filing her amended complaint, Plaintiff must allege a "sufficiently serious" deprivation or facts showing she is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff must also allege "deliberate indifference" by a named defendant.

To the extent Plaintiff alleges that inmates are called names, harassed, or made fun of for having an allergic reaction, those claims fail to state a claim for relief. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992). The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation.

Negligence and defamation are state law claims and do not supply grounds for a constitutional cause of action. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

**4. Exhaustion Requirement**

Plaintiff marked "no" on the section on the form complaint inquiring as to whether she sought informal or formal relief from the appropriate administrative officials regarding her claims. *See* Doc. 1, at 7. An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court.

Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that

under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit

regarding prison conditions in federal court") (citations omitted)*.* "Congress enacted § 1997e(a)

to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress

afforded corrections officials time and opportunity to address complaints internally before

allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002)

(citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of

exhaustion include allowing a prison to address complaints about the program it administers

before being subjected to suit, reducing litigation to the extent complaints are satisfactorily

resolved, and improving litigation that does occur by leading to the preparation of a useful

record") (citations omitted).

This exhaustion requirement "is mandatory, and the district court [is] not authorized to

dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir.

2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's

regulations define the steps a prisoner must take to properly exhaust administrative remedies and

a prisoner "may only exhaust by properly following all of the steps laid out" therein. *Little*, 607

F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the

grievance process but does not complete it is barred from pursuing a § 1983 claim under [the]

PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030,

1032 (10th Cir. 2002) (citation omitted). "The level of detail necessary in a grievance to comply

with the grievance procedures will vary from system to system and claim to claim, but it is the

prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

*Jones*, 549 U.S. at 218.

**IV.  Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why Plaintiff's Complaint should not be

dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete

and proper amended complaint upon court-approved forms that cures all the deficiencies

discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff

must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is

not simply an addendum to the original complaint, and instead completely supersedes it.

Therefore, any claims or allegations not included in the amended complaint are no longer before

the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended

complaint must contain all allegations and claims that a plaintiff intends to pursue in the action,

including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3171-JWL) at the top of the first page of

the amended complaint and must name every defendant in the caption of the amended complaint.

*See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the

amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken

by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient

additional facts to show a federal constitutional violation. Plaintiff is given time to file a

complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims

and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation

and show a cause of action in federal court; and (3) alleges sufficient facts to show personal

participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff remains obligated to submit her financial information by the **August 11, 2023** deadline set forth in the Court's Notice of Deficiency at Doc. 3. If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 14, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 14, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 14, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
