IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA FAYE LINTON,

    **Plaintiff,**

    v.                                                                           CASE NO. 23-3170-JWL

A. BRANDT, and
SALINE COUNTY JAIL,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On July 14, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until August 14, 2023, to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted until August 14, 2023, in which to file an amended complaint to cure the deficiencies.

Plaintiff's claims and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff claims harassment and inmate brutality at the SCJ. Plaintiff names as defendants: A. Brandt, Correctional Officer; and the SCJ. As her request for relief, Plaintiff states "for emotional distress, defamation of character, I am not looking for relief of anything myself. I am standing & fighting for everyone before me, during my stay & the ones that will come after me." (Doc. 1, at 7.)

The Court found in the MOSC that Plaintiff makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-

settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in her Complaint indicates she lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

The Court also found that the SCJ is not a proper defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989).

The Court stated in the MOSC that Plaintiff must allege in an amended complaint a "sufficiently serious" deprivation or facts showing she is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff must also allege "deliberate indifference" by a named defendant. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation.

The Court also found that negligence and defamation are state law claims and do not supply grounds for a constitutional cause of action. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff has not filed an amended complaint by the Court's deadline. She has filed a response (Doc. 6) that was docketed as a motion to supplement. In the response, she stresses that "something needs to be done here in Saline County Jail" because "we are subjected to random strip searches & cell searches." (Doc. 6, at 1.) Plaintiff claims that during a search the COs were being disrespectful and were walking on the inmates' beds. *Id*. Plaintiff also claims that the strip searches were on camera and could be observed by a mail guard. *Id*. at 2. Plaintiff claims that the CO called an inmate's mother and apologized for them being stripped on camera. *Id*.

Plaintiff does not suggest that the use of the camera was intended for any improper purpose. *See Rowe v. Sumner Cty.*, 2019 WL 4305085, at *6 (D. Kan. 2019) (finding plaintiff's claim must be balanced against the use of cameras to further institutional security, which is "central to all other correctional goals" and because the complaint contains only a vague claim that plaintiff, like all prisoners, is subject to viewing by staff, he has not sufficiently pled a constitutional violation) (quoting *Pell v. Procunier*, 417 U.S. 817, 823 (1974)).

"[T]he Tenth Circuit generally recognizes only a limited right to privacy in the context of

prison life." *Williams v. Reed*, 2018 WL 4826219, at *3 (D. Kan. 2018) (citing *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995)).  The Supreme Court has recognized that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Telesford v. Annucci*, 693 F. App'x 1, 2–3 (2nd Cir. 2017) (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984)).

"Although the Tenth Circuit has not specifically addressed the issue, other federal courts have held that a detention facility's placement of a camera in the restroom and shower areas does not offend the Constitution."  *Johnson v. Chaffee Cty. Det. Center*, 2020 WL 13826429, at *1 (D. Colo. 2020) (citing *see, e.g., Garrett v. Thaler*, No. 13-40599, 560 F. App'x 375, 380–81 (5th Cir. 2014) (upholding decision that cameras in restroom, shower and dressing areas of state prison did not violate Fourth Amendment); *Brooks v. Overton*, No. 02-2351, 68 F. App'x 703 (6th Cir. July 11, 2003) (unpublished) (affirming district court's *sua sponte* dismissal of prisoner's claim that defendants had violated his rights by placing a video camera in the showers of the prison based on the prison's legitimate interest in maintaining security and safety)); *see also Kidwell v. Hayden*, 2020 WL 7042611, at *2 (D. Kan. 2020) ("Here, the presence of cameras in the close observation cell where plaintiff is housed does not suggest any unconstitutional incursion on his limited right to privacy.") (citations omitted); *Bracey v. Sec. Penn. Dep't of Corr.*, 686 F. App'x 130, 136 (3rd Cir. 2017) ("The right to privacy is subject to reasonable limitations in the prison context, and security cameras are an accepted part of the prison environment.").

Plaintiff's response fails to address the deficiencies set forth in the MOSC and she has failed to file an amended complaint to cure the deficiencies. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 4, at 11.)

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to supplement (Doc. 6) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 21, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE